Osborne, J.
Plaintiff, a member of the Consolidated Stock and Petroleum Exchange of New York city, sued defendant to recover a balance of $686.15, for losses incurred in the purchase and sale of oil, alleged to have been made by plaintiff as the broker of defendant.
Defendant set up two defenses:
First. That the transactions in question were not for account of defendant, but were for account of one Charles C. Marrin, an insolvent, who used defendant’s name as a cover in his dealings with plaintiff; and,
Second. That the transactions were wholly void as being in contravention of the statute against gaming, etc. Defendant moved to dismiss the complaint on both of these grounds, which motions were denied, and this appeal comes before us on the exceptions taken to the denial of these motions, and to the order made denying a motion to set aside the verdict found by the jury in favor of the plaintiff.
As to the first ground of defense, there was a conflict of testimony as to whether the transactions in question were for account of defendant, and as to whether he ratified the act of Marrin in opening the account in his (defendant’s) name.
To establish, the second ground of defense, it was necessary for the defendant to show that it was the understanding of the parties at the time the contracts were made that the oil should not be delivered, and that only the difference in the market price should be paid or received. Kingsbury v. Kirwan, 77 N. Y., 612.
Defendant endeavored to prove this state of facts by a vigorous cross-examination of the plaintiff, who, however, denied that any such intent existed.
*172 These defenses both involved issues of fact, which the learned .trial judge very properly submitted to the jury in a charge as to the law applicable to the case, so fair that no exception was taken to any part of it by the counsel for defendant.
The jury having found in favor of the plaintiff and against the defendant on both issues, we can find no reason for interfering with their verdict.
We are, therefore, of opinion that the judgment and the order denying the motion to set aside the verdict and for a new trial, should be affirmed.
Judgment and order denying motion to set aside the verdict and for a new trial affirmed, with costs.
Clement, J., concurs.